HOFFINGER STERN & ROSS, LLP
Local Counsel for Plaintiff
150 East 58th Street, 19th Floor
New York, New York 10155
212-421-4000

MICHAEL SCHIFFRIN, ESQ.
Pending Pro Hac Vice Admission
THE SCHIFFRIN LAW FIRM, PLLC
Proposed Lead Counsel for Plaintiff
Suite 208 - Dadeland Office Park
9200 South Dadeland Boulevard
Miami, Florida 33131
305-539-0000

FILED
CLERK
2012 APR 11 PM 12: 06
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

SUMMONS ISSUED

CV 12 - 1776

MAUSKOPF, J.

REYES, M.J

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

OPULEN VENTURES, INC., a
California Corporation,
d/b/a OPULEN CAPITAL,

    Plaintiff,

v.

AXCESSA, LLC, a New York
Limited Liability Company,

    Defendant.

:
:   Docket No.
:
:
:   COMPLAINT
:
:   JURY TRIAL DEMANDED
:
:
:
:
:

---

## COMPLAINT

Plaintiff, OPULEN VENTURES, INC., a California Corporation d/b/a OPULEN CAPITAL ("Plaintiff") by and through its undersigned counsel, hereby complains of defendant, AXCESSA, LLC, a New York Limited Liability Company ("Defendant") as follows:

## INTRODUCTION AND FACTUAL BACKGROUND

1. This case concerns the non-payment of commissions of $500,000 earned by the Plaintiff pursuant to an agreement entered into by the Plaintiff with Defendant.

2. Notwithstanding the clear terms of the parties' agreement, Defendant has failed and refused to pay Plaintiff the commission it agreed to pay.

## PARTIES

3. Plaintiff, at all times material hereto, was and continues to be a corporation incorporated under the laws of the State of California, having its principal place of business in Manhattan Beach, California.

4. Defendant, upon information and belief, is and at all times material hereto was a limited liability company registered in the State of New York, having its principal place of business located at 1368 38th Street, Brooklyn, New York, in the County of Kings, State of New York.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper herein pursuant to 28 U.S.C. Section 1391(b)(1) in that the defendant resides/has a place of business in the Eastern District of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

7. Plaintiff repeats and realleges each and every allegation stated in the foregoing paragraphs of this Complaint as if stated herein at length.

8. On or about January 4, 2012, Plaintiff and Defendant entered into a *Life Settlement Single Case Commission Agreement* (hereinafter referred to as the "Contract"), a true and

{SS7212.DOCX}

correct copy of which is attached and made a part hereof as **Exhibit "A."**

9. Plaintiff has performed and complied with all of its obligations set forth in the Contract, including but not limited to all conditions precedent, if any, thereto.

10. Pursuant to section 4(a) of the Contract, Defendant was required and obligated to pay Plaintiff a Commission of $500,000 within 72 hours of a change of ownership of a certain life insurance policy to Defendant's designated entity.

11. By February 2, 2012, the change of ownership of a certain life insurance policy to Defendant's designated entity was effectuated.

12. In excess of 72 hours have passed since the change of ownership of a certain life insurance policy to Defendant's designated entity.

13. Defendant has breached the Contract by failing to pay to Plaintiff the Contingent Life Settlement Broker Commission of $500,000.00 as is indicated in Paragraphs 3 and 4(a) of the Contract.

14. Defendant has failed and refused to pay the Commission, notwithstanding due demand therefor.

15. All of the remaining terms and conditions and obligations of the Contract have been met or have otherwise been excused.

16. Accordingly, by reason of the foregoing, Plaintiff has been damaged in the sum of $500,000.00 by Defendant's failure to comply with the terms and conditions of the Contract, together with appropriate interest thereon.

## AS AND FOR A SECOND CAUSE OF ACTION

17. Plaintiff repeats and realleges each and every allegation stated in the foregoing paragraphs of this Complaint as if stated herein at length.

{SS7212.DOCX}

18. Pursuant to the Contract, Defendant agreed to indemnify and hold Plaintiff harmless from any loss, liability, obligation, penalty, fine, cost or other damages whatsoever, including without limitation attorneys' fees, resulting directly from, among other things, any breach or violation of any of defendant's representations, acknowledgments, duties or obligations pursuant to the Contract, for all costs, fees, expenses directly incurred in connection therewith unless such claim, loss, liability, obligation, penalty, fine, cost or other damages shall be found to have been attributable to fraud, willful misconduct or bad faith of Plaintiff.

19. As a direct result of Defendant's breach and violation of, among other things, its duties and obligations pursuant to the Contract, Plaintiff has directly incurred costs, fees and expenses, including but not limited to attorney's fees.

20. Plaintiff's damages are not attributable, and have not been found to be attributable, to fraud, willful misconduct or bad faith of Plaintiff.

21. Accordingly, Plaintiff has been damaged and continues to be damaged by Defendant in a sum to be determined.

WHEREFORE, Plaintiff, OPULEN VENTURES, INC., demands trial by jury and judgment against Defendant, AXCESSA, LLC as follows:

    (a)    on the First Cause of Action, in the amount of $ 500,000.00;

    (b)    on the Second Cause of Action in an amount to be determined;

    (c)    interest, reasonable attorney's fees as permitted by law, costs, and disbursements, and

    (d)    for such other and further relief as this Court deems just and proper.

{SS7212.DOCX}

DATED:   April 11, 2012
         New York, New York

        MICHAEL SCHIFFRIN, ESQ.
        New York Bar No. 1594563
        Florida Bar No. 178240
        e-mail: schifflaw@aol.com
        THE SCHIFFRIN LAW FIRM,   PLLC
        Proposed Lead Attorneys for Plaintiff
        Pending Pro Hac Vice Admission
        Suite 208 - Dadeland Office Park
        9200 South Dadeland Boulevard
        Miami, Florida 33131
        Telephone: (305) 539-0000
        Telecopier:  (305) 539-0013

        HOFFINGER STERN & ROSS    L.L.P.
        Attorneys for Plaintiff
        150 East 58th Street
        New York, New York 10155
        Telephone: (212) 421-4000
        Telecopier: (212) 223-3857

By: _____
        STEPHEN R. STERN, ESQ.
        (SS5665)
        e-mail: srstern@hsrlaw.com

{SS7212.DOCX}