UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
OPULEN VENTURES, INC., A California
Corporation, d/b/a/ OPULEN CAPITAL,
                Plaintiff,
  -against-

AXCESSA, LLC, a New York
Limited Liability Company,

                Defendant.
----------------------------------------------------X

DECLARATION IN
SUPPORT OF MOTION
FOR DEFAULT JUDGMENT

12 CV-1776 (RRM) (RER)

CHRIS LEDLIE hereby declares as follows:

1. I am the Managing Director and Chief Executive Officer of Opulen Ventures, Inc. ("Opulen" or "Plaintiff"), plaintiff in this action. I submit this Declaration in support of Opulen's motion for a default judgment against defendant Axcessa, LLC ("Axcessa" or "Defendant").

2. This action was commenced pursuant to 28 U.S.C. § 1332 as there is complete diversity of jurisdiction between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Opulen is a corporation incorporated under the laws of the State of California, with its principal place of business in Manhattan Beach, California, and defendant Axcessa, LLC is, upon information and belief, a limited liability company formed under the laws of the State of New York with its principal place of business in Brooklyn, New York.

3. The time for Defendant to answer or otherwise move with respect to the complaint herein has expired.

4. Defendant, Axcessa, LLC, has not answered or otherwise moved with respect to the complaint, and the time for defendant Axcessa, LLC to answer or otherwise move has not been extended.

5. Defendant's default has been noted by the Clerk of Court. A copy of the Clerk's Certificate of Default (ECF No. 4) is annexed hereto as Exhibit A.

6. Defendant Axcessa, LLC, is indebted to Plaintiff, Opulen, with respect to two causes of action, namely, for breach of contract/agreement and for costs, including reasonable attorneys fees, incurred as a result of Defendant's breach of its obligations.

7. On or about January 4, 2012, Plaintiff and Defendant entered into a Life Settlement Single Case Commission Agreement (the "Contract"). Plaintiff has performed and complied with all of its obligations set forth in the Contract, including but not limited to all conditions precedent, if any, thereto.

8. Pursuant to section 4(a) of the Contract (a copy of which was attached to and incorporated in the Complaint), Defendant was required and obligated to pay Plaintiff a Commission of $500,000 within 72 hours of a change of ownership of a certain life insurance policy to Defendant's designated entity. By February 2, 2012, the change of ownership of a certain life insurance policy to Defendant's designated entity was effectuated. In excess of 72 hours have passed since the change of ownership of a certain life insurance policy to Defendant's designated entity.

9. Defendant has breached the Contract by failing to pay to Plaintiff the Contingent Life Settlement Broker Commission of $500,000.00 as is indicated in Paragraphs 3 and 4(a) of the Contract. Defendant has failed and refused to pay the Commission, notwithstanding due demand

therefor. It is respectfully requested judgment in said amount, together with applicable interest, costs and disbursements, be entered against defendant on the first cause of action.

10. With respect to the second claim for relief, also pursuant to the Contract, Defendant agreed to indemnify and hold Plaintiff harmless from any loss, liability, obligation, penalty, fine, cost or other damages whatsoever, including without limitation attorneys' fees, resulting directly from, among other things, any breach or violation of any of defendant's representations, acknowledgments, duties or obligations pursuant to the Contract, for all costs, fees, expenses directly incurred in connection therewith unless such claim, loss, liability, obligation, penalty, fine, cost or other damages shall be found to have been attributable to fraud, willful misconduct or bad faith of Plaintiff. As a direct result of Defendant's breach and violation of, among other things, its duties and obligations pursuant to the Contract, Plaintiff has directly incurred costs, fees and expenses, including but not limited to attorney's fees. Plaintiff's damages are not attributable, and have not been found to be attributable, to fraud, willful misconduct or bad faith of Plaintiff.

11. In support of the motion, Plaintiff is submitting the Affidavit of Reasonable Fees of Michael Schiffrin, Esq., lead counsel, as well as the Declarations of Stephen R. Stern, Esq. and Mark W. Geisler, Esq., local counsel. It is respectfully requested judgment be entered against Defendant on the second cause of action in amounts not less than that stated in the Schiffrin Affidavit and Stern/Geisler Declarations for attorneys' fees, plus costs set forth therein (including, but not limited to, the $350.00 filing fee for the within action).

12. Accordingly, Plaintiff has been damaged in this manner as well, and judgment should be entered accordingly.

WHEREFORE, plaintiff OPULEN VENTURES, INC., A California Corporation, d/b/a/ OPULEN CAPITAL, respectfully requests that a default judgment be entered in favor of Plaintiff Opulen Ventures, Inc. and against Defendant AXCESSA, LLC.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due to plaintiff, that no part thereof has been paid by defendant, and that the disbursements sought to be taxed have been made in this action or will be necessarily made or included in this action.

Dated: June 14, 2012

OPULEN VENTURES, INC.

By: _____
CHRIS LEDLIE
Managing Director and CEO of Plaintiff,
Opulen Ventures, Inc.
1600 Rosecrans Ave., Bldg. 7, Ste. 400
Manhattan Beach, CA 90266