UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
OPULEN VENTURES, INC., A California
Corporation, d/b/a/ OPULEN CAPITAL,          DECLARATION IN
                   Plaintiff,          SUPPORT OF MOTION
  -against-                                   FOR DEFAULT JUDGMENT

AXCESSA, LLC, a New York
Limited Liability Company,                   12 CV-1776 (RRM) (RER)

                  Defendant.
------------------------------------------------------X

    MARK W. GEISLER hereby declares as follows:

1.  I am associated with the law firm, Hoffinger Stern & Ross, LLP ("HSR"), local counsel for plaintiff Opulen Ventures, Inc., a California Corporation, d/b/a Opulen Capital ("Opulen" or "Plaintiff"). I submit this Declaration in support of Opulen's motion for a judgment of default against defendant, Axcessa, LLC ("Axcessa" or "Defendant").

2.  HSR was retained as local counsel in connection with an action by Plaintiff against Defendant with respect to the latter's alleged breach of its obligations under a contract. In that regard, HSR performed various services, including but not limited to reviewing and revising the complaint, preparing the summons, preparing the civil cover sheet, investigating manner of service on Defendant, arranging for service on Defendant, preparing and filing the application for Clerk's Certificate of Default, and preparing the papers in connection with the within motion for a default judgment against Defendant.

3.  In connection with those services, through June 15, 2012 I expended not less than 8.25 hours of attorney time (see attached statement, annexed as Exhibit C, which has been partially redacted). My billing rate is usually not less than $400 per hour. However, in view of my firm's role as local counsel, HSR agreed that my time would be billed at $200 per hour.

4. My background/experience includes the following.

5. I graduated from New York University School of Law School in 1982, and was admitted to the Bar of the State of New York in 1983. I was admitted to practice before the United States District Court for the Eastern District of New York and the Southern District of New York in 1984. Since admission to the bar, I have been practicing law, including, in particular, the areas of business and commercial law and litigation.

6. From approximately November 1982 through March 2005, I worked for the Appellate Division, Second Department as a law assistant, reviewing appeals and motions, and drafting decisions and opinions. Thereafter, I worked for Hoffinger Friedland Dobrish Bernfeld & Hasen, Hoffinger Friedland Dobrish Bernfeld & Stern, P.C., Skolnick & Hochberg, P.C., and have been associated with Hoffinger Stern & Ross, LLP since September 2005. My areas of practice include litigation, and commercial and business disputes. I have appeared before the United States District Court for the Eastern District of New York, the United States District Court for the Southern District of New York, the United States District Court for the District of New Jersey, the New York State Appellate Divisions for the First and Second Judicial Departments, the New York State Supreme Court for various counties (including New York, Kings, Queens, Bronx, Richmond, Nassau, Westchester, Rockland and Orange Counties), and have been admitted pro hac vice on certain matters to appear before courts in California and New Jersey. I have appeared at arbitration hearings conducted before the American Arbitration Association, and have appeared at arbitrations/mediations in New York, New Jersey, California and Canada.

7. A true copy of the complaint, together with the contract which is the subject of the complaint, is annexed hereto as Exhibit A.

2

8. A true copy of the Clerk's Certificate of Default is annexed hereto as Exhibit B.

9. Annexed hereto as Exhibit C is a redacted copy of our firm's time billings in this matter. As lead counsel Michael Schiffrin, Esq. was not admitted to practice before this Court, HSR performed some services in connection with a potential pro hac vice application and admission application (Mr. Schiffrin is admitted to practice in New York State). The time expended on such matters has not been included in Plaintiff's request herein for attorneys fees under the second cause of action in the complaint. Accordingly, 1.4 hours has been subtracted from Stephen R. Stern's time entries (for April 24, 2012, April 25, 2012, May 1, 2012, May 4, 2012, May 7, 2012 and May 8, 2012), and 1 hour has been subtracted from my time entries (.5 hours from my time entry for April 9, 2012, and .5 hours from the May 8, 2012 entry). Additionally, the May 14, 2012 .5 hours entry for our filing clerk, Andrea Guadalupe, has been subtracted.

10. Thus, the time charges for HSR through June 15, 2012 total $6,480.000 and are comprised of the following:

    (a) Stephen R. Stern: 11.85 hours X $400/hour = $4,740.00.

    (b) Mark W. Geisler: 8.25 hours X $200/hour = $1,650.00

    (c) Andrea Guadalupe (filing clerk): .9 hours X $100/hour = $90.00.

11. Moreover, certain expenses should also be included within the recovery on the second cause of action, including $350 for the filing fee on the within action plus $108.60 when HSR used a service firm to file the complaint and obtain the summons.

12. Accordingly, while additional time will accrue after June 15, 2012 (including finalization of the within motion papers, the electronic filing thereof, etc.), an amount of not less than $12,178.60 should be awarded on the second cause of action (consisting of $11,720.00 in attorneys fees [$5,240 pursuant to the Michael Schiffrin Affidavit of Reasonable Attorneys Fees,

3

plus $6,480 for the HSR firm's services through June 15, 2012 in connection with the within action], plus $458.60 in expenses/disbursements.

WHEREFORE, plaintiff OPULEN VENTURES, INC., a California Corporation, d/b/a/ OPULEN CAPITAL, respectfully requests that a default judgment be entered in favor of Plaintiff Opulen Ventures, Inc. and against Defendant AXCESSA, LLC.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that no part of the amount claimed to be justly due to plaintiff has been paid by defendant, and that the disbursements sought to be taxed have been made in this action or will be necessarily made or included in this action.

Dated: June 18, 2012

_____
MARK W. GEISLER