UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————

No. 12-CV-01776 (RRM) (RER)
———————————————

OPULEN VENTURES, INC.,

Plaintiff,

VERSUS

AXCESSA, LLC

Defendant,

———————————————

No. 14-CV-01479 (RRM) (RER)
———————————————

HALF BROTHERS LLC,

Plaintiff,

VERSUS

JOEL WERTZBERGER, ET AL.

Defendants.

———————————————

**SUMMARY ORDER**
December 22, 2014
———————————————

**Ramon E. Reyes, Jr., U.S.M.J.**:

On December 9, 2014, Plaintiffs in the above-captioned matters filed unsolicited status reports and requests to file motions for sanctions against Defendants arising from conduct during Defendants' December 2, 2014 document inspection/production. (No. 12-CV-1776, Dkt. No. 101; No. 14-CV-1740, Dkt. No. 45.) Defendants filed their response on December 15, 2014. (No. 12-CV-1776, Dkt. No. 102; No. 14-CV-1749, Dkt. No. 46.)

Having examined the parties' submissions, the Court denies Plaintiffs' requests to file sanctions motions at this time.

Rule 34(b)(2)(e)(i) of the Federal Rules of Civil Procedure provides two alternative methods for complying with document production requests. Specifically the rule states that "[a] party must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request . . . ." FED. R. CIV. P. 34(b)(2)(e)(i) (emphasis added). Parties have to make the documents available for inspection and copying under either method.

Plaintiffs fail to satisfy their burden of proving that Defendants' document production was inappropriate under this rule. Defendants' counsel represents that he "personally organized the production into the following categories . . ." and labeled them accordingly. (No. 12-CV-1776, Dkt. No. 102, at 1-2; No. 14-CV-1749, Dkt. No. 46, at 1-2.) If Defendants' representation is taken as true it evinces compliance under Rule 34(b)(2)(e)(i)'s latter method.

Further, taking Plaintiffs' counsel's version of the events as true, Plaintiffs still fail to satisfy their burden of proving that the document production was inappropriate. Plaintiffs' counsel represents that "Mr. Wertzberger himself stated they simply took all of Axcessa's files and put them on the table without looking at them because 'most of it' should be relevant." (No. 12-CV-1776, Dkt. No. 101, at 6 ; No. 14-CV-1740, Dkt. No. 45, at 6.) Although such conduct may be distasteful, this statement evinces that the documents were presented as they are kept in the usual course of business in accordance with the former method under Rule 34 (b)(2)(e)(i). *See Estate of Townes Van Zandt v. Eggers*, No. 05-CV-10661 (RJH) (RLE), 2007 WL 3145097, at *2 (S.D.N.Y. Oct. 26, 2007) ("Because discovery documents have been produced by [the parties] as they are kept in the normal course of business, there is no violation of their discovery obligations.").

While Defendants may be criticized for their filing system, choosing to produce the documents as they are kept in the usual course of business—without categorization, organization, or labeling—does not run afoul of the language of Rule 34(b)(2)(e)(i). Therefore, the Court denies Plaintiffs' requests for leave to file sanctions motions surrounding the December 2, 2014 document inspection/production.

**SO ORDERED.**

*Ramon E. Reyes, Jr.*
Ramon E. Reyes, Jr.
United States Magistrate Judge